# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 13-CR-16-JPS

JASON B. GUIDRY,

**ORDER**

Defendant.

## 1. BACKGROUND

On August 26, 2020, Defendant Jason B. Guidry ("Defendant") filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Docket #201). After the Government responded, (Docket #209),[1] Defendant filed a reply, (Docket #211), and numerous supplements, (Docket #213, #216, #217, and #220). Additionally, several individuals submitted letters in support of Defendant's motion. Having reviewed the aforementioned submissions, the Court is obliged to deny Defendant's motion for compassionate release.

## 2. FACTS

In 2012, Defendant was engaged in selling heroin and prostituting three women in Wisconsin and Illinois. (Docket #106 at 15–17). Defendant recruited the three women to prostitute for him and paid them mostly with heroin. (*Id.*) Defendant knew that two of the women were addicted to heroin and used that information to manipulate at least one of them to

---

[1]The Government also filed a motion to seal its submission, (Docket #208), which the Court will grant.

continue prostituting for him. (*Id.*) On October 10, 2014, Defendant agreed to plead guilty to four of the sixteen counts in the superseding indictment. (*Id.* at 1–14). Specifically, Defendant pled guilty to Counts 6, 7, and 10, Interstate Travel for Purposes of Prostitution and to Count 14, Possession with Intent to Distribute a Controlled Substance. (Docket #107). On February 12, 2015, Judge Rudolph T. Randa sentenced Defendant to 120 months to run concurrently on Counts 6, 7, and 10, and to 179 months on Count 14 to run consecutive to Counts 6, 7, and 10, for a total of 299 months' imprisonment. (Docket #130, #133).

Presently, Defendant is 39 years old and incarcerated at the U.S. Penitentiary in Beaumont ("USP Beaumont"). Defendant alleges that he has a history of asthma and bronchitis, which puts him in a high-risk category if he contracted COVID-19. (Docket #201 at 4). Defendant's release date is scheduled for December 24, 2033.[2] As of January 12, 2021, USP Beaumont has three inmates and five staff members with confirmed active cases of COVID-19.[3]

## 3. LEGAL STANDARD

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier."

---

[2]Fed. Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc (last visited Jan. 12, 2021).

[3]*See* Fed. Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus (last visited Jan. 12, 2021).

18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia.

U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* §1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2). Additionally, prior to modifying a term of imprisonment, the Court must evaluate the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

4.     **ANALYSIS**

    **4.1     Exhaustion**

Before granting a motion for compassionate release, the defendant must either "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or at least 30 days must have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §

Case 2:13-cr-00016-JPS   Filed 01/21/21   Page 4 of 7   Document 221

3582(c)(1)(A). It is undisputed that Defendant exhausted his administrative remedies.

### 4.2    Extraordinary and Compelling Reasons

"[T]he mere presence of COVID-19 in a particular prison (or in the BOP generally) cannot justify compassionate release." *United States v. Melgarejo*, No. 12-CR-20050-JES-DGB, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020), aff'd, No. 20-1802, 2020 WL 7230642 (7th Cir. Dec. 8, 2020). Prisoners need to demonstrate circumstances that create a heightened risk for them, such as the inability of the particular institution to control an outbreak combined with certain health conditions that place the prisoner "at significant risk of complications should he contract the virus." *Id.*

Defendant states that he has a history of asthma and bronchitis, which "puts [him] in the high risk factor" for COVID-19. (Docket #201 at 4). Additionally, Defendant alleges that USP Beaumont is not doing enough to contain the COVID-19 virus and protect the prisoners. (Docket #201, #217). Defendant believes that these two factors are an extraordinary and compelling reason to justify his early release.

According to the Centers for Disease Control and Prevention ("CDC"), having "moderate-to-severe asthma might increase your risk for severe illness from COVID-19."[4] Further, "[t]he more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19."[5] Defendant has not provided any information suggesting that his asthma is "moderate-to-severe." Even if he did have moderate asthma,

---

[4]Ctrs. For Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 21, 2021).

[5]*Id.*

the CDC guidance does not conclusively state whether persons with moderate-to-severe asthma are at an increased risk of severe illness if they are infected with the virus. Further, given Defendant's young age and lack of any other preexisting conditions, Defendant's health is not an extraordinary and compelling reason for release at this time. *See United States v. Day*, 473 F. Supp. 3d 209, 214 (W.D.N.Y. July 21, 2020); *United States v. Cherry*, No. 15-CR-156-PP, 2020 WL 3497030, at *4–5 (E.D. Wis. June 29, 2020); *United States v. Belle*, 457 F. Supp. 3d 134, 138–40 (D. Conn. May 5, 2020); *United States v. Rodriguez*, 454 F. Supp. 3d 224, 228 (S.D.N.Y. April 14, 2020).

### 4.3 Danger to Any Other Person or the Community and Section 3553(a) Sentencing Factors

Even if Defendant had established an extraordinary and compelling reason warranting his release, the Court must also consider whether Defendant is a danger to any other person or the community, pursuant to § 3142(g), and whether the § 3553(a) factors militate against his release.

Defendant was sentenced to approximately 25 years of imprisonment for distributing drugs (heroin and crack, among others) and prostituting women. He still has 13 years left on his sentence. Before his most recent conviction, he had a history of criminal convictions throughout his life. (Docket #119 at 16–24). Defendant's crimes were serious—he sold deadly drugs to the community and prostituted three women. Although the Court is aware of the rehabilitative work Defendant has completed while incarcerated, it is plainly not sufficient to justify releasing him over a decade early. Based on the details of his current conviction, the Court finds that Defendant is a danger to the community and the sentencing factors militate against his release. A reduction of 13 years to Defendant's sentence

Case 2:13-cr-00016-JPS   Filed 01/21/21   Page 6 of 7   Document 221

would fail to reflect the seriousness of Defendant's offenses, promote respect for the law, and provide just punishment for Defendant. Nor would it deter Defendant from future crimes or protect the public.

The Court understands and sympathizes with Defendant's concerns about COVID-19. Nevertheless, Defendant has not established an extraordinary and compelling reason warranting his compassionate release. Even if he had, the Court's analysis of the § 3553(a) factors and § 3142(g) strongly weigh against the Court granting Defendant's motion.

**5.     CONCLUSION**

Based on the foregoing, the Court will deny Defendant's motion for compassionate release. (Docket #201). The Court will also grant the Government's motion to seal. (Docket #208).

Accordingly,

**IT IS ORDERED** that Defendant's motion for compassionate release (Docket #201) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Government's motion to seal (Docket #208) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 21st day of January, 2021.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge